# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

Civil Action No. 22-cv-479

| | |
|---|---|
| NADA FELDMAN, | |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | Mecklenburg County Superior Court |
| NORTH CAROLINA CVS PHARMACY, LLC, | Case No. 22-CVS-13129 |
| Defendant. | |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant North Carolina CVS Pharmacy, L.L.C. removes this action from the General Court of Justice, Superior Court Division, County of Mecklenburg, North Carolina, to the United States District Court for the Western District of North Carolina. In support of removal, and expressly reserving all questions other than removal, Defendant shows the Court as follows:

## Background

1. On August 10, 2022, plaintiff Nada Feldman filed a civil action against the Defendant in the Superior Court for Mecklenburg County, North Carolina, case number 22 CVS 13129, (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint in the State Court Action is attached as "Exhibit A." The summons issued to Defendant in the State Court Action is attached as "Exhibit B." Plaintiff's First Set of Interrogatories and Request for Production of Document to Defendant is attached as "Exhibit C."

2. On August 12, 2022, plaintiff filed an Amended Complaint substituting the originally named Defendant for North Carolina CVS Pharmacy, L.L.C., a copy of the Amended

Complaint is attached as "Exhibit D". The summons issued to Defendant North Carolina CVS Pharmacy, L.L.C. in the State Court Action is attached as "Exhibit E." Plaintiff's First Set of Interrogatories and Request for Production of Document to Defendant is attached as "Exhibit F."

3. The Amended Complaint asserts a claim against the Defendant for negligence based on a theory of premises liability, alleging that Defendant was negligent in its operation and maintenance of the CVS Pharmacy located at 19305 W. Catawba Road, Huntersville, North Carolina. *See generally* Am. Compl. (Ex. D).

## The Procedural Requirements for Removal Are Satisfied

4. This Court has original subject-matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. Removal is proper under 28 U.S.C. § 1441 because this is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. Defendant North Carolina CVS Pharmacy, L.L.C. was served with the Amended Complaint on August 15, 2022, and less than one year has passed since the original commencement of this action. Accordingly, this Notice of Removal is being filed within thirty days of initial service of the Amended Complaint, rendering removal timely under 28 U.S.C. §§ 1446(b) and 1446(c)(1).

6. Venue in this Court is proper under 28 U.S.C. §§ 113(b) and 1441(a), because this is the District and Division embracing the place where the State Court Action was pending at the time of removal.

7. No previous notice of removal has been filed in this action.

8. Proper notice is being given. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of the filing of this Notice of Removal with the Superior Court for

Mecklenburg County, North Carolina, and are also serving this Notice of Removal upon Plaintiff's attorney of record.

## Basis for Removal:  Diversity Jurisdiction

9. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332. Additionally, it is apparent from the Amended Complaint that the amount in controversy in this action exceeds $75,000.00.

10. The federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,. . . ."  28 U.S.C. § 1332(a)

11. Plaintiff is a citizen and resident of Mecklenburg County North Carolina. *See* Amended Compl. ¶ 1.

12. Defendant is a limited liability company that was organized under North Carolina law with its principal place of business in Rhode Island.  However, "[f]or purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

13. North Carolina CVS Pharmacy, L.L.C.'s sole member is CVS Pharmacy, Inc., which is a Rhode Island corporation with its principal place of business in Woonsocket, Rhode Island.

14. Based on the foregoing, Defendant is a citizen of Rhode Island for purposes of evaluating diversity jurisdiction under 28 U.S.C. § 1332(a) and (c)(1).

15. As a result, complete diversity of citizenship exists under 28 U.S.C. § 1332. Plaintiff is a citizen of North Carolina, while Defendant is a citizen of Rhode Island.

16. Defendant expressly disputes any liability to Plaintiff for monetary, declaratory, or equitable relief, under any claim, and reserve the right to dispute that Plaintiff's Amended Complaint states a claim upon which relief may be granted or otherwise presents a justiciable controversy. Solely for purposes of this Notice of Removal, however, Defendant represents that based on the face of the Amended Complaint, the amount in controversy exceeds $75,000.00.

17. "Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith," unless it appears to a "legal certainty" that the claim is truly for less than the jurisdictional amount. *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1017 (4th Cir. 1981); *accord JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010).

18. Under Rule 8 of the North Carolina Rules of Civil Procedure, Plaintiff is not permitted to state a specific demand for monetary relief in the Amended Complaint. N.C. Gen. Stat. § 8(a)(2). In light of this pleading restriction, federal courts in North Carolina have looked to the allegations of the Amended Complaint and employed judicial experience and common sense in evaluating whether the amount-in-controversy exceeds $75,000. *See, e.g.*, *Costin v. Ally Bank Corp.*, No. 7:13-CV-113-BO, 2013 WL 4828576, at *2 (E.D.N.C. Sept. 10, 2013); *Dagiel v. Kemper Corp.*, No. 1:11cv262, 2012 WL 1596978, at *2 (W.D.N.C. May 7, 2012); *Dash v. FirstPlus Home Loan Owner Trust 1996-2*, 248 F. Supp. 2d 489, 496-99 (M.D.N.C. 2003).

19. In the Amended Complaint, Plaintiff asserts a claim of negligence against the Defendant based on a theory of premises liability. *See generally* Amended Compl. She alleges that as she was in the subject CVS Pharmacy location when tripped over an allegedly improperly stored moving platform. Amended Compl. ¶4.

4

20. As a result of Plaintiff tripping, she "hit the ground" and "sustained serious physical injuries" *Id.* ¶¶ 7, 8.

21. Plaintiff also alleges damages for medical expenses (past and future), pain and suffering (past and future), lost wages, physical impairment (past and future) and permanent injury. *Id.* ¶ 9.

22. On information and belief, the amount of medical expenses that Plaintiff will seek to recover in this action, as defined by Rule 414 of the North Carolina Rules of Evidence, will exceed $75,000.

23. Based on the foregoing, because there is complete diversity of citizenship and because this action involves more than $75,000 in controversy, removal of this case is proper under 28 U.S.C. § 1332.

## Non-Waiver of Defenses

24. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's rights to assert any defense or affirmative matter including, without limitation, failure to state a claim or any other procedural or substantive defense available under state or federal law.

WHEREFORE, Defendant removes this action from the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina to this Court and requests that this Court assume jurisdiction over this action to proceed to final determination thereof. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a response brief in support of its position that this case is removable.

Respectfully submitted, this 14th day of September 2022.

/s/ Leslie C. Packer
Leslie C. Packer
N.C. State Bar No. 13640
Madeleine M. Pfefferle
N.C. State Bar No. 50932
Ellis & Winters LLP
4131 Parklake Avenue, Suite 400
Raleigh, NC 27612
Telephone: (919) 865-7009
Facsimile: (919) 865-7010
Email: Leslie.packer@elliswinters.com
Email: madeleine.pfefferle@elliswinters.com

*Counsel for Defendant*