| | | |
|---|---|---|
| NADA FELDMAN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NORTH CAROLINA CVS PHARMACY, L.L.C., | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court *sua sponte* following the parties' "Amended Joint Rule 26(f) Report," (Doc. No. 9), filed April 18, 2023. In that document, the parties indicate they "conferred . . . and agreed to the [sic] amend the deadlines set forth in the Certification and Report of F.R.C.P. 26(f) Conference and Proposed Discovery Plan (D.E. 7) as discovery is ongoing." (Id. p. 1). The document further states, "An Amended Certification and Report . . . is attached, setting forth the following new deadlines: a. Deadline to Complete Discovery; June 2, 2023; b. Deadline to Mediate; June 14, 2023; c. Deadline to File Dispositive Motions: June 30, 2023." Id.

This pleading defies the Federal Rules of Civil Procedure, the Local Rules, and this Court's Standing Orders. First, it is obviously untimely. Rule 26(f) and the Local Civil Rule 16.1 provide deadlines for the timing of the initial attorney's conference and filing of the certification of that conference. The parties filed document number 7—the Rule 26(f) Certification and Report—on September 23, 2022, in accordance with the Federal Rules of Civil Procedure and Local Rules. The Court promptly issued a Pretrial Order and Case Management Plan on October 6, 2022. (Doc. No. 8). Nothing in the applicable rules allow for the filing of an "Amended Certification and Report" more than six months after the Court issues a Case Management Order.

1

Second, the parties have no authority under any applicable rule to agree to amend and "set" deadlines for mediation and dispositive motions. (Doc. No. 9, p. 1). The document at bar, captioned an "Amended Joint Rule 26(f) Report" and filed as a "Miscellaneous Filing" (as opposed to a motion), seeks to unilaterally change *deadlines set by the Court* and without seeking Court approval. Id. While the parties may stipulate to extensions of discovery, (see Doc. No. 8, p. 2), the Case Management Order explicitly provides, "Stipulated extensions of the deadline for completion of all discovery *will not alter the dates and deadlines for filing, briefing, and hearing dispositive motions*, nor do they provide grounds for a continuance of a trial setting." (Doc. No. 8, p. 2 n. 1 (emphasis added)). And, if the footnote is not sufficiently clear, the Case Management Order later provides, "Parties may not extend these deadlines by agreement and stipulated extensions of the deadline for completion of all discovery will not alter the motions deadline." Id. p. 6. Further, nothing in the Local Rules or Case Management Order permits the parties to stipulate to an extension of the deadline for completing mediation. See LCvR 16.2-16.3; see also Doc. No. 8, p. 5-6.

Third, to the extent the parties intended[1] for this pleading to be filed as a motion seeking extension of the mediation and dispositive motion deadlines, such "motion" is untimely. Again, the Court—not the parties—sets deadlines, and this Court's Standing Initial Scheduling Order, 3:07-MC-47 (Doc. No. 2), which is hyperlinked by docket entry in this case on September 14, 2022, clearly states:

> Any motion to extend the foregoing time and/or word limitations shall be filed immediately upon counsel learning of the need for the same and in any event no fewer than three (3) business days in advance of the filing deadline sought to be modified. . . . Motions for extensions shall not be granted except upon a showing

---

[1] The Court reiterates that nothing in the pleading acknowledges the Court's role in setting deadlines or otherwise seeks Court approval for the extension of deadlines noted in the pleading. And, nothing in the manner by which the parties electronically filed the document—which allows parties to identify a pleading as a "motion"—suggests the parties intended the Court to rule, approve, or otherwise take action on the pleading.

2

of good cause (consent of opposing counsel alone is not sufficient). Truly exceptional circumstances must exist to modify deadlines that impact a scheduled motions hearing or trial date, which extensions may only be granted by Order of the presiding district judge.

Initial Scheduling Order Entered pursuant to the Standing Order Governing Civil Case Management Before the Honorable Frank D. Whitney, 3:07-MC-47 (Doc. No. 2, pp. 4-5 (emphasis in original)). In this case, the Court set April 6, 2023, as the deadline for mediation and April 14, 2023, as the deadline for dispositive motions. The instant pleading, filed two weeks after the mediation deadline and two days after the dispositive motions deadline, clearly fails to comply with this Court's requirement that extensions be requested "no fewer than three (3) business days in advance of the filing deadline sought to be modified." (Id.).

For these reasons, to the extent the pleading sets forth a stipulation to extend discovery, the Court will accept it as such. To the extent the pleading seeks to extend any other deadline, including mediation and dispositive motions, such relief is denied for failure to follow the applicable rules, including the failure to show "truly exceptional circumstances." Id.

**IT IS SO ORDERED.**

Signed: April 19, 2023

Frank D. Whitney
United States District Judge